IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

EL PALACIO, LLC,                      )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )   CASE NO. 1:25-cv-454-BL-JTA
                                      )   (WO)
WESTCHESTER SURPLUS LINES             )
INSURANCE CO., et al.,                )
                                      )
        Defendants.                   )

**ORDER AND REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

Before the court is Defendant Westchester Surplus Lines Insurance Company's
Notice of Removal, which alleges this court has diversity jurisdiction[1] because Plaintiff El
Palacio, LLC fraudulently joined Defendants Stephens Engineering Consultants, Inc., John
Gilbert Engineering, LLC, and John Donald Gilbert, Jr., P.E. to defeat diversity jurisdiction.
(Doc. No. 1.)[2] Plaintiff responded to Defendant Westchester's allegations of fraudulent
joinder and requested the court remand the matter to state court for lack of subject matter
jurisdiction. (Doc. No. 28.) The undersigned construes Plaintiff's response as containing a
motion to remand.

---

[1] Diversity jurisdiction exists in civil actions filed between the citizens of different states and the
amount in controversy exceeds $75,000. 28 U.S.C. § 1332. According to the rule of "complete
diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill
Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002).

[2] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned for all pretrial proceedings
and entry of any orders or recommendations as may be appropriate. (Doc. No. 31.)

Also before the court is the motion to dismiss filed by Defendants Stephens Engineering Consultants, Inc., John Gilbert Engineering, LLC, and John Donald Gilbert, Jr., P.E. (Doc. No. 33.) These defendants seek dismissal of Plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.*)

For the reasons set forth below, the undersigned recommends the motion to remand (Doc. No. 28) be denied, and the motion to dismiss (Doc. No. 33) be granted.

## I.    JURISDICTION AND VENUE

Complete diversity does not exist between Plaintiff and all Defendants. Nevertheless, Defendant Westchester avers jurisdiction is proper under 28 U.S.C. § 1332 because the other Defendants were fraudulently joined. Plaintiff contests Defendant Westchester's allegations of fraudulent joinder. (*See* Doc. No. 28.)

Venue is proper as Plaintiff filed its complaint in the Circuit Court of Dale County, Alabama (Doc. No. 1-1), which is within the Middle District of Alabama, Southern Division.

## II.    PROCEDURAL HISTORY AND ALLEGATIONS

On May 1, 2025, Plaintiff filed this action in the Circuit Court of Dale County, Alabama. (Doc. No. 1-1.) On June 18, 2025, Defendant Westchester removed this action to federal court based on diversity jurisdiction. (Doc. No. 1.) Defendant Westchester asserts it is a citizen of both Georgia and Pennsylvania. (Doc. No. 1 at 3; Doc. No. 17 at 3.) Defendants John Gilbert Engineering, LLC, and John Donald Gilbert, Jr., P.E. ("resident Defendants") are Alabama citizens, as is Plaintiff. (*See* Doc. No. 1 at 2–3; Doc. No. 17 at

2–4.)[3] Defendant Westchester maintains Plaintiff fraudulently joined the resident Defendants and Defendant Stephens[4] to defeat diversity jurisdiction. (Doc. No. 1 at 4; Doc. No. 17 at 4–5.)

In its complaint, Plaintiff alleges it had an insurance policy with Defendant Westchester for its real property located in Ozark, Alabama. (*Id.* at 1–2.) Plaintiff avers heavy rainfall during a storm caused its roof to collapse, causing significant damage. (*Id.* at 2.) Plaintiff alleges Defendant Westchester retained the resident Defendants and Defendant Stephens to determine "the origin and cause of purported damage, if any, and determine whether the damage was the result of wind." (Doc. No. 1-1 at 8.) Plaintiff alleges the resident Defendants were acting as an agent or representative of Defendant Stephens. (*Id.*) Plaintiff avers the resident Defendants inspected its property and generated a report, which found there was no wind-related damage to the building. (*Id.*) Plaintiff alleges the report included sections for "Interior Damage Investigation" and "Other Conditions and/or Damage" which were under a heading titled, "Engineering Recommendations due to Collapsed Roof Structure." (*Id.*) Plaintiff also alleges these sections were not a part of the cause of loss determination. (*Id.*) Defendant Westchester subsequently denied Plaintiff's

---

[3] Because Defendant Westchester improperly alleged the citizenship of Defendant John Gilbert Engineering, LLC, in its notice of removal, the undersigned ordered Defendant Westchester to file a supplement to its notice of removal that properly alleged the citizenship of each party. (*See* Doc. No. 14.) Defendant Westchester filed its Supplemental Notice of Removal on July 30, 2025. (Doc. No. 17.)

[4] Defendant Westchester contends Defendant Stephens was fraudulently joined, even though Defendant Stephens is a citizen of Texas and cannot destroy diversity jurisdiction. *See* 28 U.S.C. § 1332; (Doc. No. 1 at 3–4). Accordingly, the undersigned focuses on whether the two resident Defendants were fraudulently joined.

claim because it found the damage to the building was not a covered cause of loss. (*Id*. at 9.)

From these allegations, Plaintiff brings the following state law claims: (1) breach of contract against Defendant Westchester; (2) bad faith refusal to pay policy benefits against Defendant Westchester; (3) bad faith failure to properly investigate claims against Defendant Westchester; and (4) negligence and/or wantonness against the resident Defendants, Defendant Stephens, and fictitious defendants. (Doc. No. 1-1 at 13–16.)

Plaintiff did not file a motion to remand nor otherwise respond to Defendant Westchester's fraudulent joinder argument in the Notice of Removal. Even so, since federal courts must inquire into subject matter jurisdiction at the earliest possible stage in the proceedings, the undersigned ordered Plaintiff to respond to Defendant Westchester's assertion of fraudulent joinder and ordered Defendant Westchester to file a reply. (Doc. No. 14.) On August 13, 2025, Plaintiff filed a response and requested the court "remand the matter for lack of subject matter jurisdiction." (Doc. No. 28.) On August 20, 2025, Defendant Westchester filed a reply. (Doc. No. 32.)

On August 28, 2025, the resident Defendants and Defendant Stephens filed their motion to dismiss, seeking dismissal of all claims against them. (Doc. No. 33.) Plaintiff filed a timely response, and the resident Defendants and Defendant Stephens filed a timely reply. (Docs. No. 35, 36.)

These matters are ripe for disposition.

### III.    STANDARD OF REVIEW

#### A. Fraudulent Joinder

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1095 (11th Cir. 1994)*; Wymbs v. Republican State Exec. Comm. of Fla.*, 719 F.2d 1072, 1076 (11th Cir. 1983). Federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Thus, federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). This inquiry should happen "at the earliest possible stage in the proceedings." *Id*.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Thus, a lawsuit filed in state court may be removed to federal court based on either diversity jurisdiction or federal question jurisdiction.[5] *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). The removing defendant bears the burden of establishing this court has subject matter jurisdiction over an action.[6] *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.

---

[5] Federal question jurisdiction exists if the suit arises under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

[6] Because removal is only permissible if the plaintiff's claims could have been filed in federal court originally, in deciding a motion to remand, the court must look to these claims to determine whether removal was appropriate. *Burns*, 31 F.3d at 1095; *Pintando v. Miami–Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) (per curiam) ("[T]he district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction.").

1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction). Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not clear. *See Burns*, 31 F.3d at 1095 ("removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

When a case is removed to federal court based on diversity jurisdiction,[7] the case must be remanded to state court if complete diversity between the parties does not exist. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). But, if a plaintiff names a non-diverse defendant to defeat federal diversity jurisdiction, "'the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court.'" *Id.* (quoting *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)). A plaintiff naming a non-diverse defendant to defeat diversity jurisdiction is called fraudulent joinder. *Id.*

To establish fraudulent joinder, the removing party must prove either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell*, 663 F.3d at 1332. The removing party must prove fraudulent joinder by clear and convincing evidence, and "this burden is a heavy one." *Id.* When

---

[7] In addition, a civil action otherwise removable solely based on jurisdiction under § 1332(a) may not be removed if any of the parties in interest, properly joined and served as defendants, is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2). Plaintiff did not raise this issue to the court in opposition to Defendant Westchester's assertion of fraudulent joinder. (*See* Doc. No. 28.)

determining whether a defendant was fraudulently joined, the court "must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id*. at 1333 (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). The court cannot "weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id*. (citing *Crowe*, 113 F.3d at 1538). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id*. (quotation omitted).

## B. Rule 12(b)(6)

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court takes the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *See Resnick v. AvMed, Inc*., 693 F.3d 1317, 1321–22 (11th Cir. 2012). To avoid dismissal, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

# IV.    DISCUSSION

## A.  Motion to Remand[8]

Defendant Westchester argues this court has subject matter jurisdiction because the resident Defendants were fraudulently joined to defeat diversity jurisdiction. (Doc. No. 17 at 4–5.) Citing to *Akpan v. Farmers Ins. Exch., Inc.*, 961 So. 2d 865 (Ala. Civ. App. 2007), Defendant Westchester contends there is no possibility Plaintiff can establish a negligence or wantonness claim against the resident Defendants because they did not owe a duty to Plaintiff. (Doc. No. 17 at 6.) In *Akpan*, the Court of Civil Appeals of Alabama held an independent investigator hired by an insurance company to investigate a claim does not owe a duty to the insured. *Id*. at 874. The Court reasoned that imposing a duty on an investigator to the insured would conflict with the duty the investigator owes to the insurance company. *Id*. This court has previously relied on *Akpan* as a basis to find fraudulent joinder and dismiss negligence claims against investigators hired by an insurance company. *See Haddix v. Teachers Ins. Co*, No. 2:18-cv-662-ECM-DAB, 2018 WL 7568369, at *4 (M.D. Ala. Dec. 14, 2018) (finding investigators hired by an insurance company did not owe a duty to the plaintiff), *report and recommendation adopted*, 2019 WL 1460876, at *1 (M.D. Ala. Apr. 2, 2019).

In response, Plaintiff does not dispute this line of cases, but avers they are distinguishable. Plaintiff argues the resident Defendants owed it a duty because they

---

[8] The court must resolve the issue of subject matter jurisdiction before reaching the merits of the motion to dismiss. *See Am. Tobacco Co.*, 168 F.3d at 410 (motion to remand which alleges a lack of subject matter jurisdiction should be decided before a motion to dismiss).

voluntarily undertook separate and additional duties beyond the scope of their assignment from Defendant Westchester. (Doc. No. 28 at 8–9.) Plaintiff argues Defendant Westchester retained the resident Defendants to determine the extent of damage caused by wind. (*Id.*) Plaintiff contends the resident Defendants exceeded the scope of this assignment when they made engineering recommendations that were for its benefit. (*Id.*)

Defendant Westchester replies Plaintiff failed to make these allegations in its complaint. (Doc. No. 32 at 3.) The undersigned agrees.

In the complaint, Plaintiff alleges that Defendant Westchester "retained a structural engineer, [Defendant] Gilbert, acting through and as an agent and/or representative of [Defendant] Stephens, to inspect the Property and determine 'the origin and cause of purported damage, if any, and determine whether the damage was the result of wind." (Doc. No. 1-1 at 8 (sic).) Plaintiff alleges Defendant Gilbert performed a site study, limited the inspection to determining whether the damage was the result of the wind, and generated a report. (*Id.*) Defendant Gilbert's report "discussed that there were no wind-related damages identified" and included a section entitled, "Engineering Recommendations due to Collapsed Roof Structure." (*Id.*) Plaintiff also alleges Defendant Westchester "assigned Defendant Gilbert, acting through and as an agent and/or representative of [Defendant] Stephens, to review and comment on a report produced by Proximus Engineering . . . . [Defendant] Stephens 'agree[d] that the collapsed roof was due to ponded water on the roof and under-designed roof trusses[ ]' [and] amend[ed] its opinions[.]" (*Id.* at 8, 10.)  Plaintiff alleges Defendants "Stephens and Gilbert *owed Plaintiff a duty* as professional engineers *to actually determine the cause of loss* and *failed do so by only reviewing the Property for*

9

*wind damage.*" (*Id.* at 12 (emphasis added).) Plaintiff alleges Defendants "Gilbert and Stephens, as licensed engineers have an obligation to maintain integrity, safety, and ethics in adjusting insurance claims[ ]" and "[t]hese duties are owed to Plaintiff as Plaintiff is the entity for whose benefit the services were performed." (*Id.* at 16.) Plaintiff further alleges Defendants Gilbert and Stephens "failed in their professional obligations by initially only assessing the Property for Wind [sic] damage and deliberately ignoring the applicable Policy language, including the Endorsements when they adjusted the claims in this case." (*Id.*)

Viewing the factual allegations of the complaint in the light most favorable to Plaintiff, the allegations fall short of Plaintiff's argument. It is clear from the allegations that Plaintiff is predicating its theory of recovery on the claim against the resident Defendants upon their handling of the inspection to determine the cause of loss and the adjustment of Plaintiff's insurance claim. Notably, Plaintiff did not affirmatively allege in the complaint that the resident Defendants exceeded the scope of their assignment when Defendant Gilbert included engineering recommendations in the inspection report. Nor did Plaintiff affirmatively allege that the engineering recommendations included in the inspection report were included for Plaintiff's benefit. Nor did Plaintiff affirmatively allege that Defendant Gilbert breached a duty owed to Plaintiff due to a voluntary undertaking. Rather, Plaintiff's complaint makes clear that it alleges (1) Defendants Gilbert and Stephens had a duty to Plaintiff "as professional engineers to determine the cause of loss and failed do so by only reviewing the Property for wind damage[;]" and (2) Defendants "Gilbert and Stephens, as licensed engineers ha[d] an obligation to maintain integrity,

safety, and ethics in adjusting insurance claims[,]" "[t]hese duties [were] owed to Plaintiff as Plaintiff is the entity for whose benefit the services were performed[,]" and Defendants Gilbert and Stephens "failed in their professional obligations by initially only assessing the Property for Wind [sic] damage and deliberately ignoring the applicable Policy language, including the Endorsements when they adjusted the claims in this case." (Doc. No. 1-1 at 12, 16.)

Given Alabama case law[9] clearly forecloses the claims alleged in the complaint against the resident Defendants,[10] Defendant Westchester has carried its heavy burden to

---

[9] "[W]here . . . the state supreme court has not addressed the issue, '[a] federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.'" *Provau v. State Farm Mut. Auto. Ins. Co.*, 772 F.2d 817, 820 (11th Cir. 1985) (per curiam) (quoting *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983)). The parties have not cited, nor has the undersigned located, any case law from the Alabama Supreme Court that squarely addresses, as the Court of Civil Appeals did in *Akpan*, the issue of whether an independent adjuster or investigator hired by an insurance company to investigate or adjust the claim of one of its insureds owes a duty to the insured.

[10] *See Akpan*, 961 So. 2d at 874 (an independent investigator hired by an insurance company to investigate a claim does not owe a duty to the insured); *Haddix*, 2018 WL 7568369, at *4 ("The plain and definite principle set forth in *Akpan* is that outside investigators, adjusters and other professionals hired by an insurance company owe their duty to the insurance company and not the insured."); *See also Saint Joseph Baptist Church v. Am. States Ins. Co.*, No. CV 10-00132-KD-N, 2010 WL 11618965, at *6 (S.D. Ala. July 7, 2010) ("The court is not persuaded by Saint Joseph's argument that Wilbourn's engineering license distinguishes his duty from other insurance claims investigators or adjusters under Alabama law. Saint Joseph cites no case in which an independent investigator hired by the insurance company to investigate an insurance claim was held to owe a duty to the insured simply because he was licensed as an engineer. No Alabama court has made that distinction. Other jurisdictions have specifically rejected such a premise." (footnote omitted)), *report and recommendation rejected on other grounds*, 2010 WL 11661242 (S.D. Ala. Aug. 18, 2010); *see also Equipment Rental & Contractors Corp. v. North River Ins. Co.,* No. 07-0158-CG-B, 2007 WL 2081477, at *2 (S.D. Ala. 2007) (finding that a third-party claims adjuster's duties and loyalties lie with the insurer, rather than the insured). Plaintiff has not established those cases are distinguishable from the instant case and the undersigned is not persuaded by the cases relied upon by Plaintiff.

show Plaintiff's claims are not arguable under state law. Therefore, the joinder of the resident Defendants is deemed fraudulent for purposes of determining subject matter jurisdiction. Since the resident Defendants are not properly joined, the court does not consider their citizenship and has subject matter jurisdiction over this matter. The motion to remand is due to be denied.

### B. Motion to Dismiss

The resident Defendants and Defendant Stephens argue Plaintiff's negligence and wantonness claim against them should be dismissed because they do not owe Plaintiff a duty. (Doc. No. 33 at 3.) Their argument is premised on many of the same arguments used by Defendant Westchester, namely that investigators hired by an insurance company do not owe a duty to the insured. (*See id*.) Plaintiff responds with the same argument as above: the resident Defendants and Defendant Stephens exceeded the scope of their assignment from Defendant Westchester and voluntarily undertook additional responsibilities, which created a duty. (Doc. No. 35 at 8.) Defendants reply Plaintiff failed to include any allegations related to such a duty in its complaint. (Doc. No. 36 at 4.)

For the reasons stated above, the undersigned agrees with Defendants. Plaintiff's complaint does not allege the resident Defendants and Defendant Stephens exceeded the scope of their assignment to inspect the insured property for the cause of loss and voluntarily undertook additional responsibilities. Plaintiff cannot amend its complaint through its response to the motion to dismiss or its opposition to the notice of removal. *See McIntosh v. Ragland*, No. 2:23-cv-470-RAH-JTA, 2024 WL 2946092, at *4 (M.D. Ala. June 11, 2024) (noting that a plaintiff cannot amend a complaint through a response to a

motion to dismiss (collecting cases)), *report and recommendation adopted*, 2024 WL 3339604 (M.D. Ala. July 9, 2024); *see also Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss.") (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)). The court must view, and has viewed, the complaint as alleged when the matter was removed to federal court.

Under Alabama law, "[t]he existence of a duty to the plaintiff is fundamental to a negligence claim[,]" and "[w]hether a legal duty exists is a question of law." *Patrick v. Union State Bank*, 681 So. 2d 1364, 1367-68 (Ala. 1996) (quotation omitted) (alterations added). An independent investigator or engineer hired by an insurance company to investigate a claim does not a owe a duty to the insured. *See Akpan*, 961 So. 2d at 874; *Haddix*, 2018 WL 7568369, at *4 ("Depending on the policy, type of claim, and other circumstances there may be reason to use adjustors, engineers, or other professionals and experts. All of the information and opinions put forth by these persons contributes to the insurer's decision making. . . . The hired agents of the insurer, however, are not working for the insured and owe the insured no duty of disclosure under Alabama law."). Thus, the resident Defendants and Defendant Stephens do not, as a matter of law, owe Plaintiff a duty.

Because Plaintiff did not allege in the complaint a duty recognized by Alabama law, the motion to dismiss is due to be granted. *See Haddix*, 2018 WL 7568369, at *4 (granting a motion to dismiss negligence and wantonness claims because investigators, adjusters, and other professionals hired by an insurance company do not owe a duty to the insured);

*Engel v. Liberty Ins. Corp.*, No. 1:20-00082-KD-N, 2020 WL 2374376, at *5 (S.D. Ala. Apr. 24, 2020) (recommending dismissal of a negligence claim because "[n]othing in the complaint plausibly indicates that . . . [the contractor hired by an insurance company] was acting in any capacity other than as an independent contractor hired to perform an insurance inspection for Liberty"), *report and recommendation adopted*, 2020 WL 2343173 (S.D. Ala. May 11, 2020); *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995) (the Alabama Supreme Court "has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims") (citations omitted).

## V.    CONCLUSION

For good cause, it is ORDERED that Plaintiff's Response to Defendant Westchester's Assertion of Fraudulent Joinder (Doc. No. 28) is CONSTRUED as containing a motion to remand.

For the reasons stated above, the undersigned RECOMMENDS the following:

1. The motion to remand (Doc. No. 28) be DENIED.

2. The motion to dismiss (Doc. No. 33) be GRANTED.

3. Defendants Stephens Engineering Consultants, Inc., John Gilbert Engineering, LLC, and John Donald Gilbert, Jr., P.E. be dismissed from this action.

4. This matter be REFERRED back to the undersigned.

It is further ORDERED that, on or before **February 18, 2026,** the parties may file objections to this Recommendation. The parties must specifically identify the factual

findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of February, 2026.

_____

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE